IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00068-MR

JONATHAN ANTHONY LEE TORRES,  )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
TODD ISHEE, et al.,            )           **ORDER**
                               )
            Defendants.        )
_____)

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Opt-Out of Services from North Carolina Prison Legal Services" [Doc. 39]; "Request for Subpoenas for Depositions of Fact Witnesses" [Doc. 41]; Motion to Compel Discovery [Doc. 47]; Motion to Enforce Sanctions [Doc. 50]; and "Motion for Written Deposition on Non-Party Fact Witnesses" [Doc. 51]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and North Carolina law, addressing incidents that allegedly occurred at the Marion Correctional Institution.[1]  The Second Amended

_____
[1] The Plaintiff is presently incarcerated at the Maury Correctional Institution.

Complaint [Doc. 25] passed initial review on claims against a total of 13 Defendants on claims addressing the conditions of his confinement, his right to practice his religion, retaliation, excessive force, and interfering with the mail, and the Court exercised supplemental jurisdiction over claims that the Plaintiff raised under North Carolina law. [Doc. 27]. All of the Defendants were served and filed an Answer. [Doc. 38]. The Court entered a Pretrial Order and Case Management Plan [Doc. 40], which was extended until January 17, 2023 to complete discovery, and until February 16, 2023 to file dispositive motions. [See Dec. 16, 2022 Text-Only Order].

In the Motion to Opt-Out of Services from North Carolina Prisoner Legal Services [Doc. 39], the Plaintiff asks the Court to withdraw his request for NCPLS's appointment to assist him with discovery. The Motion is denied as moot because NCPLS was not appointed in this case. [See Doc. 40].

In his "Request"[2] [Doc. 41] and Motion for Written Deposition [Doc. 51], the Plaintiff appears to seek leave from the Court, and for the issuance of subpoenas, to depose the following non-parties by written questions: Thomas Hamilton and Curtis Tate, unit managers; R. Shelton, a case

---

[2] The Court liberally construes the "Request" as a Motion for Subpoenas. The Plaintiff is reminded that requests to the Court must be in the form of Motions. [See Doc. 3 at ¶ 5 (Order of Instructions)]. Any future filings that fail to comply with the applicable rules and/or this Court's Orders will be disregarded and may be stricken.

2

manager; FNU Hollingsworth, a correctional sergeant; FNU Hewitt, the head of mental health; and FNU Thao, mailroom staff. [Doc. 41]. The Federal Rules of Civil Procedure provide that any person may be deposed by written questions upon stipulation of the parties, or leave of court. Fed. R. Civ. P. 31(a)(1)-(2). However, the Plaintiff does not claim to have served the written questions on the parties along with a notice informing them of the deponents' names and addresses, and identifying the officer before whom the depositions will be taken. See Fed. R. Civ. P. 31(a)(3). Nor does he state that he is willing or able to pay the expenses related to taking and recording such depositions.[3] See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."); see also Fed. R. Civ. P. 30(b)(3) (the party noticing a deposition must state in the notice the method for recording the testimony, and "[t]he noticing party bears the recording cost"). Accordingly, his requests for leave to depose witnesses by written questions, and for the issuance of subpoenas regarding the same, are denied at this time.

---

[3] To the extent that the Plaintiff is attempting to serve interrogatories on non-parties, he may not do so. See Fed. R. Civ. P. 45 (providing for discovery from non-parties in the form of depositions, the production of documents, electronically stored information, or tangible things in that person's possession, or the inspection of premises); see also Fed. R. Civ. P. 33 ("a party may serve on *any other party* no more than 25 written interrogatories….") (emphasis added).

3

In his Motion to Compel Discovery [Doc. 47], the Plaintiff claims that he served defense counsel with interrogatories, requests for production of documents and requests for admissions in September and October, 2022; that defense counsel did not respond within 30 days or request an extension of time; that the discovery he seeks is proper and appropriate; and that defense counsel has not responded to the Plaintiff's letters. He asks the Court to sanction the Defendants and defense counsel based on counsel's failure to timely respond to his discovery requests and letters. [Doc. 50]. The Defendants filed a Response [Doc. 53], arguing that sanctions should not be imposed because: counsel was on FMLA leave when the Plaintiff served his discovery requests; counsel filed a notice of substitution in the case two days before the discovery responses were due; counsel was unable to promptly file a motion for extension of time due to a heavy caseload and return to work; counsel is still obtaining responses from some Defendants, some of whom are no longer employed at NCDPS; and counsel will serve the Plaintiff with discovery responses upon receiving and reviewing the same from the Defendants.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to

4

compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010).  The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).  The Court has broad discretion to impose sanctions on a party who fails to comply with the Court's discovery orders.  Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995).  When the sanction to be imposed is dismissal of an action, however, "the range of discretion is more narrow than when a court imposes less severe sanctions." Id. (internal quotation marks and citation omitted).  The Fourth Circuit established four factors for courts to consider before dismissing an action as a sanction:

> (1) whether the noncomplying party acted in bad faith;
>
> (2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [she] failed to produce;
>
> (3) the need for deterrence of the particular sort of noncompliance; and
>
> (4) the effectiveness of less drastic sanctions.

Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-06 (4th Cir. 1977)).  "Such an evaluation will insure that only the most flagrant

case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Id.

Here, it appears that the Defendants' failure to timely respond to the Plaintiff's discovery responses was due to excusable neglect, rather than bad faith. No prejudice to the Plaintiff is apparent, as the scheduling order deadlines have been extended and defense counsel explains that the discovery responses are forthcoming. Any need to deter defense counsel's conduct does not appear in this case and it appears that an extension of the time to respond to the Plaintiff's discovery requests is all that is required to remedy the matter. Accordingly, the Motion to Compel will be granted only insofar as the Defendants will be required to respond to all of the Plaintiff's outstanding discovery requests by January 31, 2023, and the Court declines to impose sanctions at this time.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion to Opt-Out of Services from North Carolina Prison Legal Services" [Doc. 39] is **DENIED AS MOOT**.
2. The Plaintiff's "Request for Subpoenas for Depositions of Fact Witnesses" [Doc. 41] is construed as a Motion for Subpoenas and is **DENIED**.

6

Case 1:21-cv-00068-MR   Document 58   Filed 01/17/23   Page 6 of 7

3. The Plaintiff's Motion to Compel Discovery [Doc. 47] is **GRANTED** insofar as the Defendants shall respond to the Plaintiff's outstanding discovery requests by **January 31, 2023**.

4. The Plaintiff's Motion to Enforce Sanctions [Doc. 50] is **DENIED**.

5. The Plaintiff's Motion for Written Deposition on Non-Party Fact Witnesses [Doc. 51] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 16, 2023

Martin Reidinger
Chief United States District Judge