IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00068-MR

JONATHAN ANTHONY LEE TORRES,   )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
TODD ISHEE, et al.,            )            **ORDER**
                               )
            Defendants.        )
_____)

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Compel Discovery; Motion to Enforce Sanctions" [Doc. 59]; "Motion for Extension of Time to Obtain Rest of Discovery and Address Discovery Issues" [Doc. 60]; and Motion to Compel Discovery [Doc. 61].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and North Carolina law, addressing incidents that allegedly occurred at the Marion Correctional Institution.[1] The Second Amended Complaint [Doc. 25] passed initial review against 13 Defendants on claims

---

[1] The Plaintiff is presently incarcerated at the Maury Correctional Institution. On April 16, 2023, the Plaintiff informed the Court that he anticipates imminent transfer to an unknown facility within the federal Bureau of Prisons.

addressing the conditions of his confinement, his right to practice his religion, retaliation, excessive force, and interfering with the mail, and the Court exercised supplemental jurisdiction over claims that the Plaintiff raised under North Carolina law. [Doc. 27]. All of the Defendants were served and filed an Answer. [Doc. 38]. The Court entered a Pretrial Order and Case Management Plan [Doc. 40], which was extended until January 17, 2023 to complete discovery, and until February 16, 2023 to file dispositive motions. [See Dec. 16, 2022 Text-Only Order]. The Plaintiff previously moved to compel discovery [Doc. 47] and for sanctions [Doc. 50]. On January 17, 2023, the Court entered an Order requiring the Defendants to respond to the Plaintiff's outstanding discovery requests by January 31, 2023, and denying the Plaintiff's Motion to Enforce Sanctions. [Doc. 58].

The Plaintiff has now filed several pro se Motions addressing the Defendants' response to the January 17 Order. On February 5, 2023, the Plaintiff filed a Motion to compel discovery and to enforce sanctions before he received the Defendants' discovery response [Doc. 59]; he filed another Motion to compel discovery on February 12, 2023 after receiving the Defendants' discovery response [Doc. 61]; and on February 14, 2023, he filed a Motion to extend the discovery deadline so that these matters may be

resolved [Doc. 60].² On March 28, 2023, the Court ordered the Defendants to show cause why the Plaintiff's Motions should not be granted. [Doc. 62]. Substitute defense counsel has filed a Response, explaining that a review of the case reveals that there are deficiencies in prior counsel's discovery responses; that the deficiencies were not the product of bad faith; that the Plaintiff's discovery requests were numerous and complex; that the Defendants' objections were proffered in good faith; and that the Plaintiff's detailed explanations of his discovery requests have shed light on the purpose of propounding his requests. [Doc. 64]. The Defendants do not object to an extension of time so that the parties can attempt to work through the discovery issues, and so that new counsel have had the opportunity to address the discovery deficiencies; they further argue that sanctions should not be imposed. [Id.]. The Plaintiff has not replied, and the time to do so has expired.

The Plaintiff's Motion seeking to extend the time to complete discovery, to which the Defendants consent, is granted until May 31, 2023. Dispositive motions are due by June 30, 2023. No further extensions will be granted

---

² Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

except on a showing of extraordinary circumstances. The Motions to Compel are denied without prejudice.

The Plaintiff's request for sanctions will also be denied at this time. Rule 37(d) gives a district court wide discretion to impose sanctions for a party's failure to comply with discovery requests. <u>Mutual Fed. Sav. And Loan Ass'n v. Richards & Assoc., Inc.</u>, 872 F.2d 88, 92 (4th Cir. 1989). Before imposing sanctions under Rule 37(d), a court must consider: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence that the noncomplying party failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. <u>Zornes v. Specialty Indus., Inc.</u>, 166 F.3d 1212 (4th Cir. 1998) (table). After considering the relevant factors and the circumstances of this case, the Court concludes that the Defendants have not acted in bad faith, that any prejudice can be resolved by an extension of time, deterrence is not needed, and sanctions are not warranted at this time.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion for Extension of Time to Obtain Rest of Discovery and Address Discovery Issues" [Doc. 60] is

**GRANTED** until May 31, 2023. The deadline to file dispositive motions is extended until June 30, 2023.

2. The Plaintiff's "Motion to Compel Discovery; Motion to Enforce Sanctions" [Doc. 59]; and Motion to Compel Discovery [Doc. 61] are **DENIED**.

The Clerk is respectfully instructed to mail a copy of this Order to the Plaintiff at his address of record as well as to him at the federal Bureau of Prisons, Reg. No. 21860-058.

**IT IS SO ORDERED**.

Signed: May 1, 2023

Martin Reidinger
Chief United States District Judge