IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00068-MR

JONATHAN ANTHONY LEE TORRES,    )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )
TODD ISHEE, et al.,             )           **ORDER**
                                )
            Defendants.         )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel Discovery and Motion for Sanctions [Doc. 72]; and the Plaintiff's "Notice to the Courts" [Doc. 88], which was docketed as a Motion.[1]

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, and North Carolina law addressing incidents that allegedly occurred at the Marion Correctional Institution.[2] [Doc. 1]. The Second Amended Complaint passed initial review against several Defendants on claims regarding the

---

[1] The Plaintiff is again reminded that he must file a motion if he is seeking relief from the Court. Letters and other miscellaneous filings will not receive a response in future. [See Doc. 3 (Order of Instructions)]. The Court will address the instant Notice, however, because it reflects the Plaintiff's difficulties in receiving legal mail at his present institution that the Court, too, previously has noted.

[2] The Plaintiff is now incarcerated in the federal Bureau of Prisons.

conditions of confinement, his religious freedom, retaliation, the use of excessive force, North Carolina assault and battery, and interference with his mail. [See Doc. 27]. The Defendants were served and filed an Answer, and the Court entered a Pretrial Order and Case Management Plan that set the discovery cutoff date as October 6, 2022, and made dispositive motions due by January 16, 2023. [Docs. 40]. The Court subsequently extended the deadline to complete discovery until January 17, 2023, and to file dispositive motions until July 31, 2023. [Dec. 16, 2022 Text-Only Order; July 3, 2023 Text-Only Order]. The Defendants filed a Motion for Summary Judgment on July 31, 2023. [Doc. 81].

On June 7, 2023, the Plaintiff filed the instant Motion to Compel Discovery and Motion for Sanctions. [Doc. 72]. The Defendants filed a Response opposing the Motion [Doc. 76], and the Plaintiff replied [Doc. 86].

This is the Plaintiff's fourth motion to compel discovery and seeking sanctions against the Defendants. The Court granted the Plaintiff's first Motion to Compel insofar as Defendants were ordered to provide the Plaintiff with all outstanding discovery responses by January 31, 2023. [See Doc. 47 (Motion to Compel); Doc. 58 (Order)]. The Plaintiff's subsequent Motions to Compel and all of his requests for sanctions were denied. [See Id.; Doc. 59

(Motion to Compel and to Enforce Sanctions); Doc. 61 (Motion to Compel), Doc. 66 (Order)].

Here, the Plaintiff moves pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure to compel discovery and to enforce sanctions against the Defendants. [Doc. 72]. He complains that the Defendants objected to Requests for Production (RFPs) 8, 10, 11, 12, 13, 17, 19, 20, 21, 22, 23, 24, 25, 26, and 27. [Id. at 3-8]. He also asks the Court to "review Interrogatories, as Defendants did not answer a lot of them that's based around RDU program." [Id. at 8].

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to

compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

As a preliminary matter, the Defendants argue that the Plaintiff's Motion to Compel as untimely because it was filed on June 7, 2023, after the discovery period had closed. [Doc. 76 at 6]. The Court declines to find the motion time-barred because the Court record reflects that the Plaintiff was in transit as of at least May 1, 2023 and he appears to have filed the motion within a reasonable time after arriving at a facility. [See Doc. 66 (May 1, 2023 Order extending the discovery period until May 31, 2023); Doc. 67 (mail returned as undeliverable)].

The Plaintiff's general request that the Court review the interrogatories related to the RDU program is denied as too vague and conclusory to support relief. See generally Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (a court should not become an advocate for a pro se litigant). In any event, the interrogatory responses at issue are moot because the Plaintiff's claims regarding the alleged violation of due process from being placed in RDU have been dismissed. [See Doc. 27 at 4-7].

4

The Plaintiff's Motion directed to his RFPs will be granted in part and denied in part. In Request 13, the Plaintiff seeks a disciplinary report as well as "all video footage" and "pictures taking [sic]" of the incident. [Doc. 72-2 at 4]. The RFP Response states "You received these *documents* on 2/9/23." [Id.]. Likewise, the Defendants' Response to the Motion to Compel states that "Defendants have produced all responsive *documents* in their care, custody, and control. There are no further documents responsive to this request." [Doc. 76 at 2]. However, the Defendants do not state whether any video footage or pictures from this incident exist and, if so, whether they have been produced. The Court will, therefore, grant the Motion to Compel insofar as the Defendants will be directed to produce any video footage and pictures in response to the Plaintiff's RFP #13 within 14 days. The Court will reserve ruling on the Plaintiff's request to impose sanctions until the Defendants' 14-day period to respond to RFP #13 has expired.

With regard to the rest of the Plaintiff's RFPs, the Defendants have adequately demonstrated that they have either produced all responsive documents within their custody and control (Requests 10 and 17), or they have asserted meritorious objections to the Plaintiff's requests (Requests 8, 11, 12, 19, 20, 21, 22, 23, 24, 25, 26, and 27). [See Doc. 76; Doc. 72-2].

In his present "Notice," the Plaintiff explains that his legal materials were delayed or lost in transit, and he asks for the Court to require defense counsel to mail him a copy of all discovery for this case so that he may respond to the Defendants' Motion for Summary Judgment.[3] [Doc. 88]. The Notice is moot insofar as it appears that the Plaintiff has now received his missing materials. [See Doc. 102 at 5]. It further appears that he is seeking an extension of time to file his own dispositive motion due to several prison transfers and difficulties in receiving his mail. [Id.]. Insofar as the Plaintiff seeks an extension of time to file a dispositive motion, this is denied. After multiple extensions of time, dispositive motions were due in this case on July 31, 2023. [July 3, 2023 Text-Only Order]. Although the record reflects that the Plaintiff has had multiple prison transfers and periods of difficulty in receiving his mail, more than six months have expired since the dispositive motion deadline expired, and the Plaintiff has not filed a proper motion to extend the time to do so to date. See Note 1, supra. Accordingly, the Plaintiff's present Notice is construed as a Motion and it is denied.

---

[3] The Notice also refers to Case No. 5:20-cv-164-MR. The Plaintiff is cautioned that filings addressing more than one case number are improper. [See Doc. 3 (Order of Instructions stating that documents filed in the case must include the case number at the top of the first page)]. Any future filing referring to more than one case number may be disregarded or stricken.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion to Compel Discovery [Doc. 72] is **GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART**.

2. The Defendants shall produce any video and pictures that are responsive to the Plaintiff's Request for Production #13 within **fourteen (14) days**.

3. The Court will reserve ruling on the Plaintiff's request for sanctions until the Defendants' time to respond to Request for Production #13 has expired.

4. The Plaintiff's "Notice to the Courts" [Doc. 88], which is construed as a Motion for Discovery and Motion for Extension of Time, is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge