IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00068-MR

JONATHAN ANTHONY LEE TORRES, )
)
          **Plaintiff,** )
)
vs. )
)
TODD ISHEE, et al., ) **ORDER**
)
          **Defendants.** )
_____ )

**THIS MATTER** is before the Court on Plaintiff's pro se "Motion for Request of Clarification of Unaddressed Claims from April 11, 2021 Incident" [Doc. 145].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution.[1] [Doc. 1]. In the operative Second Amended Complaint, the Plaintiff alleged that the Defendants violated his constitutional rights individually and/or as supervisory prison officials. [See Doc. 21]. The Second Amended Complaint passed initial review on claims that various Defendants imposed unconstitutional conditions of confinement in the RDU

---

[1] The Plaintiff is presently incarcerated at the Spartanburg County Jail in Spartanburg, South Carolina.

program, violated the Plaintiff's religious freedom, retaliated against him, and interfered with his mail. [Doc. 27]. The Second Amended Complaint also passed initial review against Defendants Coffey and Ingram for using excessive force against the Plaintiff on April 11, 2021, and the Court exercised supplemental jurisdiction over Plaintiff's related North Carolina assault and battery claims against Coffey and Ingram. [Id.]. The Court declined to exercise supplemental jurisdiction over the Plaintiff's other North Carolina claims, including a claim for the intentional infliction of emotional distress ("IIED"). [See id. at 13-14].

The Defendants filed a Motion for Summary Judgment that was granted in part and denied in part. Summary judgment was denied on the Plaintiff's claims against Defendants Coffey and Ingram for excessive force, assault, and battery. [Doc. 134 at 25 ("Because the Plaintiff's § 1983 excessive force claims have survived summary judgment, the Plaintiff's North Carolina assault and battery claims based on the same incidents will likewise proceed."). All of the remaining claims were dismissed with prejudice. [See id. at 30].

A telephonic judicial settlement conference is scheduled before a U.S. Magistrate Judge on March 13, 2025. [See Docs. 135, 138, 146].

In the instant "Motion for Request…," the Plaintiff contends that the Court failed to address Plaintiff's claims for IIED, assault and battery, and supervisory liability. [Doc. 145 at 1]. He appears to seek clarification regarding the status of these claims. The Court will briefly address the pending claims in light of the Plaintiff's *pro se* status, and the upcoming judicial settlement conference in this matter.

As discussed *supra*, the Court declined to exercise supplemental jurisdiction over the Plaintiff's North Carolina IIED claim on initial review and, as such, that claim is not pending. Only the Plaintiff's excessive force, assault, and battery claims against Defendants Coffey and Ingram survived summary judgment. All of the Plaintiff's other claims, including those addressing "RDU issues," have been dismissed; accordingly, any supervisory theory of liability for those claims has been foreclosed. See Connor v. Thompson, 647 F.App'x 231, 240 (4th Cir. 2016) (supervisory "claims require a predicate constitutional violation to proceed").

**IT IS, THEREFORE, ORDERED** that "Motion for Request of Clarification of Unaddressed Claims from April 11, 2021 Incident." [Doc. 145] is **GRANTED** as stated in this Order.

The Clerk is respectfully instructed to **TERMINATE** all of the Defendants in CM-ECF, except for Benjamin Coffey and Nathan Ingram.

**IT IS SO ORDERED.**

Signed: February 3, 2025

Martin Reidinger
Chief United States District Judge